UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Colleen M. Kurth,

    Plaintiff,

v.                                                      Case No.: 10-11973

City of Inkster, *et al.*                         Honorable Sean F. Cox

    Defendants.

_____/

OPINION & ORDER DENYING DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE PLAINTIFF'S CLAIM OF DISCRIMINATORY ACTS

Plaintiff Colleen M. Kurth filed this action against the City of Inkster and her police department supervisors, Paul Martin and Dennis Watkins, alleging that Defendants discriminated against her under the Michigan Elliott-Larsen Civil Rights Act ("ELCRA") and Title VII of the Federal Civil Rights Act ("Title VII") because of her gender; retaliated against her in violation of Title VII for exercising her civil rights; caused her intentional infliction of emotional distress; and engaged in a concert of action and civil conspiracy to terminate her. This case was originally assigned to the Honorable Nancy G. Edmunds, and on July 11, 2011, Judge Edmunds granted in part and denied in part Defendants' motion for summary judgment, dismissing all of Plaintiff's claims except for her mixed-motive, gender discrimination claims. The matter is currently before the Court on Defendants' Motion in Limine to Exclude Plaintiff's Claim of Discriminatory Acts Which Were Already Ruled Upon by Judge Edmunds in the Opinion and Order Granting In Part and Denying In Part Defendants' Motion for Summary Judgment. The parties have briefed the issues and the Court heard oral argument on November 29, 2011. For

the reasons below, the Court shall DENY Defendants' motion.

## BACKGROUND

I.  Factual Background:

The facts leading up to this action have been previously summarized by Judge Edmunds in her July 11, 2011 Opinion & Order on Defendants' motion for summary judgment. (7/11/11 Opinion, Doc. No. 15). They are as follows:

On May 28, 2001, the City of Inkster Police Department ("Department") hired Plaintiff as a probationary police officer. In September, 2004, the Department promoted her to detective, the first woman to hold that position. Sergeant S. Adams was Plaintiff's immediate supervisor and Defendant Paul Martin was Plaintiff's supervisor in the Detective Bureau. The overall supervisor was Lieutenant Jeffrey Smith.

On January 22, 2009, an incident took place that led to Plaintiff's termination and the instant case. The employees of the Detective Bureau, including Plaintiff and Martin, were preparing to conduct a raid to recover computers from an individual suspected of committing identity theft. Martin became aware that Plaintiff was wearing a red police jacket. According to Plaintiff, Martin approached Plaintiff and said that she was "not invited" on the raid. According to Defendants, Martin told her to put on a lightweight, black, police-issued jacket, rather than the red police jacket Plaintiff had been wearing. Other members of the raid team were wearing different colored jackets, but none were bright-colored jackets. Martin insists that he told Plaintiff to wear the standard-issue black jacket out of concern for her safety because the red jacket could have made Plaintiff an easily-visible target. Disagreeing with Martin, Lieutenant Kevin Smith stated that bright clothing is not an issue during the daytime.

In response to the jacket incident, Plaintiff sent a letter to the Department reporting Martin's treatment of her. Human Resources Department conducted an investigation into the Plaintiff's allegations and found that they did not support a hostile environment claim.

Also in response to the incident, Martin set in motion, but did not personally conduct, an investigation into Plaintiff's conduct. Lieutenant Jeffrey Smith investigated and concluded that the Department should give Plaintiff "progressive discipline." Lieutenant Smith found that Plaintiff violated Department rules by failing to cooperate during the raid and had committed insubordination by refusing Martin's order. The results of the investigation into Plaintiff's conduct were reviewed by Deputy Chief Dennis Watkins, who recommended that the Department terminate Plaintiff's employment. Chief Gregory Gaskin agreed with Watkins's recommendation and, in March, 2009, the Department terminated Plaintiff's employment.

On July 23, 2009, following her termination, Plaintiff and the Department engaged in arbitration proceedings. The arbitrators recommended that the Department rehire Plaintiff, after finding that Watkins's recommendation was based on an inaccurate disciplinary history. The arbitrators also found that there were mitigating factors, including the fact that Plaintiff had previously worn the same jacket on other raids and that there were other, more serious instances of insubordination that did not lead to termination. The arbitrators considered that Plaintiff was a long-term employee with a good professional record. In October, 2009, Plaintiff returned to work.

II.   Procedural Background:

Plaintiff filed this action on April 27, 2010, alleging a number of state and federal discrimination claims against Defendants. Defendants removed the action to this Court on May

14, 2010. (Doc. No. 1).

On July 11, 2011, Judge Edmunds granted in part, and denied in part, Defendants motion for summary judgment. Judge Edmunds dismissed all of Plaintiff's claims except for her mixed-motive, gender-discrimination claim. Based upon previous evidence of discriminatory comments by Martin, and Watkins' alleged shared bias against Plaintiff, Judge Edmunds held that there is a material question of fact whether the decision to terminate Plaintiff's employment was, in part, motivated by her gender. (7/11/11 Opinion at 26-27).

The case was reassigned to this Court on October 7, 2011. (Doc. No. 19).

## ANALYSIS

In Judge Edmunds' July 11, 2011 Opinion & Order, Defendants assert that Judge Edmunds made findings of fact as to eight specific incidents of alleged discrimination, and that she found that there were only three examples that potentially show discriminatory animus. Defendants conclude that there is no genuine issue of material fact as to the relevance of certain alleged instances of discrimination as a result of Judge Edmunds' findings, and Plaintiff should be collaterally estopped from presenting these issues at trial. Defendants further contend that the doctrine of *res judicata* precludes Plaintiff from arguing that five out the eight allegedly discriminatory acts were based on Plaintiff's sex.

Defendants cite the following excerpt from the July 11, 2011 Opinion & Order in support of their position:

> The Court finds that only three examples of Defendant Martin's conduct could be construed as harassment based on sex: (1) stating that he does not think women should be doing police work; (2) asking Plaintiff where her tie was; and (3) making numerous discriminatory remarks in the presence of Lieutenant Kevin Smith about women in general, women in police work, and Plaintiff.
> The Court does not find sufficient evidence that the other conduct at issue

4

> would not have occurred "but for the employee's sex." Bowman, 220 F.3d at 464. The other conduct does not show a discriminatory animus unless the Court accepts Plaintiff's circular reasoning that the existence of the incidents themselves shows that animus. *See Bowman*, 220 F.3d at 464 ("litany of perceived slights and abuses" subsequent to supervisor's unwelcome sexual advances "[could] not be considered in hostile environment analysis because [the plaintiff] ha[d] not shown that [it] was based upon his status as a male"). Specifically, there was no evidence that writing "Call" on the whiteboard, asking Plaintiff to change out of red coat or telling her she was "not invited" on the raid, commenting on the Plaintiff's printer, commenting on Plaintiff's experience compared to other Detectives, writing "Yours" underneath Plaintiff's scheduled polygraph examination, and ignoring Plaintiff's signals when she was working as a 'morality decoy' was related to her gender. Similarly, there was no evidence that the denial of overtime was because of Plaintiff's sex despite another male detective's approval for overtime because they were performing different activities and there was nothing linking the denial to sex animus.

(7/11/11 Opinion at 15).

Although Defendants state that they seek to exclude five specific acts from evidence, Defendants elude to six allegedly discriminatory acts that they seek to exclude. Based on the except from the Jule 11, 2011 Opinion & Order cited by Defendants, it appears Defendants' seek to exclude evidence of the following allegedly discriminatory acts from trial: (1) Martin writing "Call" on the whiteboard; (2) asking Plaintiff to change out of red coat or telling her she was "not invited" on the raid; (3) Martin commenting on the Plaintiff's printer; (4) Martin commenting on Plaintiff's experience compared to other Detectives; (5) someone writing "Yours" underneath Plaintiff's scheduled polygraph examination; and (6) Martin ignoring Plaintiff's signals when she was working as a "morality decoy."

Defendants' reliance on the doctrines of collateral estoppel and res judicata is misplaced. Judge Edmunds did not find that the abovementioned acts are not relevant. Rather, Judge Edmunds found that the allegedly discriminatory acts at issue were not sufficient to support Plaintiff's hostile work environment claim, which is reviewed under a different standard than

mixed-motive discrimination claims.

With respect to hostile work environment claims based on sexual harassment, the Sixth Circuit has held that "the conduct underlying a sexual harassment claim need not be overtly sexual in nature" to be "based on sex" in violation of Title VII. *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 565 (6th Cir. 1999). But "[n]onsexual conduct may be illegally sex-based and properly considered in a hostile environment analysis" only "where it can be shown that ***but for the employee's sex, he would not have been the object of harassment***." *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 464 (6th Cir. 2000) (emphasis added). With a mixed-motive claim, however, "[A]n unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was ***a motivating factor*** for any employment practice, even though other factors also motivated the practice." (42 U.S.C. § 2000e-2(m)) (emphasis added). Judge Edmunds did not address the eight instances discussed above within her discussion of Plaintiff's mixed-motive discrimination claim. The Court therefore does not conclude that there is no question of material fact as to the relevancy of the allegedly discriminatory acts at issue. Judge Edmunds did not make these findings of fact in the context of Plaintiff's mixed-motive claim.

Instead, in order to allow Plaintiff to admit evidence of the abovementioned acts, Plaintiff must establish the relevancy of each individual incident. Some instances, such as the "red jacket incident," are clearly relevant because they are key facts that led to Plaintiff's termination. One of the elements of a mixed-motive discrimination claim that Plaintiff must establish at trial is that she suffered an adverse employment action, and the red jacket incident is an important incident in a series of events which led to her termination.

The Court finds that the better method for addressing the relevancy of these allegedly discriminatory incidents is to determine their relevancy within the context in which they are raised at trial. Evidence of the some of the incidents, like the red jacket incident, may be relevant to Plaintiff's claim, depending on how Plaintiff intends to introduce the evidence.

## CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendants' Motion in Limine to Exclude Plaintiff's Claim of Discriminatory Acts Which Were Already Ruled Upon By Judge Edmunds in the Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Court

Dated: November 30, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2011, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager