UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Colleen M. Kurth,

     Plaintiff,

v.                                  Case No.: 10-11973

City of Inkster, *et al.*              Honorable Sean F. Cox

     Defendants.
_____/

OPINION & ORDER DENYING DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE ANY AND ALL POST-TERMINATION INCIDENTS WITHOUT
PREJUDICE

Plaintiff Colleen M. Kurth, a police officer with the Inkster Police Department, filed this action against the City of Inkster and her police department supervisors, Paul Martin and Dennis Watkins, alleging that Defendants discriminated against her under the Michigan Elliott-Larsen Civil Rights Act ("ELCRA") and Title VII of the Federal Civil Rights Act ("Title VII") because of her gender; retaliated against her in violation of Title VII for exercising her civil rights; caused her intentional infliction of emotional distress; and engaged in a concert of action and civil conspiracy to terminate her. This case was originally assigned to the Honorable Nancy G. Edmunds, and on July 11, 2011, Judge Edmunds granted in part and denied in part Defendants' motion for summary judgment, dismissing all of Plaintiff's claims except for her mixed-motive, gender discrimination claims. The matter is currently before the Court on Defendants' Motion in Limine to Exclude Any and All Post-termination Incidents Pursuant to FRE 401, 402, and 403. The parties have briefed the issues and the Court heard oral argument on November 29, 2011. For the reasons below, the Court shall DENY Defendants' motion without prejudice.

1

BACKGROUND

I.     Factual Background:

The facts leading up to this action have been previously summarized by Judge Edmunds

in her July 11, 2011 Opinion & Order on Defendants' motion for summary judgment.  (7/11/11

Opinion, Doc. No. 15).  They are as follows:

On May 28, 2001, the City of Inkster  Police Department ("Department") hired  Plaintiff

as a probationary police officer.  In September, 2004, the Department promoted her to detective

– the first woman to hold that position.  Sergeant S. Adams was Plaintiff's immediate supervisor

and Defendant Paul Martin was Plaintiff's supervisor in the Detective Bureau.  The overall

supervisor was Lieutenant Jeffrey Smith.

On January 22, 2009, an incident took place that led to Plaintiff's termination and the

instant case.  The employees of the Detective Bureau, including Plaintiff and Martin, were

preparing to conduct a raid to recover computers from an individual suspected of committing

identity theft.  Martin became aware that Plaintiff was wearing a red jacket.  According to

Plaintiff, Martin approached Plaintiff and said that she was "not invited" on the raid.  According

to Defendants, Martin told her to put on a lightweight, black, police-issued jacket, rather than the

red jacket Plaintiff had been wearing.  Other members of the raid team were wearing different

colored jackets, but none were bright-colored jackets.  Martin insists that he told Plaintiff to wear

the standard-issue black jacket out of concern for her safety because the red jacket could have

made Plaintiff an easily-visible target.  Disagreeing with Martin, Lieutenant Kevin Smith stated

that bright clothing is not an issue during the daytime.

In response to the jacket incident, Plaintiff sent a letter to the Department reporting

2

Martin's treatment of her.  Human Resources Department conducted an investigation into the Plaintiff's allegations and found that they did not support a hostile environment claim.

Also in response to the incident, Martin set in motion, but did not personally conduct, an investigation into Plaintiff's conduct.  Lieutenant Jeffrey Smith investigated and concluded that the Department should give Plaintiff "progressive discipline."  Lieutenant Smith found that Plaintiff violated Department rules by failing to cooperate during the raid and had committed insubordination by refusing Martin's order.  The results of the investigation into Plaintiff's conduct were reviewed by Deputy Chief Dennis Watkins, who recommended that the Department terminate Plaintiff's employment.  Chief Gregory Gaskin agreed with Watkins's recommendation and, in March, 2009, the Department terminated Plaintiff's employment.

On July 23, 2009, following her termination, Plaintiff and the Department engaged in arbitration proceedings.  The arbitrators recommended that the Department rehire Plaintiff, after finding that Watkins's recommendation was based on an inaccurate disciplinary history.  The arbitrators also found that there were mitigating factors, including the fact that Plaintiff had previously worn the same jacket on other raids and that there were other, more serious instances of insubordination that did not lead to termination. The arbitrators considered that Plaintiff was a long-term employee with a good professional record.  In October, 2009, Plaintiff returned to work.

II.    Procedural Background:

Plaintiff filed this action on April 27, 2010, alleging a number of state and federal discrimination claims against Defendants.  Defendants removed the action to this Court on May 14, 2010.  (Doc. No. 1).

On July 11, 2011, Judge Edmunds granted in part, and denied in part, Defendants' motion for summary judgment. Judge Edmunds dismissed all of Plaintiff's claims except for her mixed-motive, gender discrimination claim. Based upon evidence of previous discriminatory comments by Martin, and Watkins' alleged shared bias against Plaintiff, Judge Edmunds held that there is a question of fact whether the decision to terminate Plaintiff's employment was, in part, motivated by her gender. (7/11/11 Opinion at 26-27).

The case was reassigned to this Court on October 7, 2011. (Doc. No. 19).

ANALYSIS

In their motion, Defendants assert that any post-termination incidents which Plaintiff claims are discriminatory are irrelevant to the March 19, 2009 decision to terminate Plaintiff and are not probative of the elements that Plaintiff must prove to establish a mixed-motive, gender discrimination claim. Defendants contend that evidence of these post-termination incidents are therefore inadmissable at trial pursuant to FED. R. EVID. 401 and 402. Defendants further contend that the danger of unfair prejudice associated with evidence of post-termination incidents substantially outweighs its probative value, and therefore should be precluded under FED. R. EVID. 403.

Specifically, Defendants refer to two incidents identified in Plaintiff's response to Defendants' motion for summary judgment. Judge Edmunds summarized these incidents in her July 11, 2011 Opinion & Order, stating:

> After Plaintiff returned to work following arbitration, there were two other incidents involving the common whiteboard that she attributed to Defendant Martin. Plaintiff argues that the incidents further show that Defendant Martin discriminated against her because of her gender. In the first incident, Defendant Martin wrote "call" next to Plaintiff's name in large letters where Plaintiff's day off was written. Plaintiff says that Defendant Martin did not do that to any other employee. Defendant Martin

4

says he wrote "call" on the board in order to determine who was supposed to be on-call as part of his supervisory role. In the second incident, Plaintiff wrote her name and "polygraph" on the whiteboard to indicate that she was administering a polygraph examination. Underneath these writings, someone wrote "Yours?," suggesting that Plaintiff was taking, or should take, a polygraph examination. Plaintiff alleges that the handwriting was Defendant Martin's. Defendant Martin denies that he wrote the statement.

(7/11/11 Opinion at 7) (internal citations omitted).

To prove a mixed-motive claim under Title VII, a plaintiff must show: (1) The defendant took an adverse employment action against the plaintiff; and (2) "race, color, religion, sex, or national origin was a motivating factor" for the defendant's adverse employment action. *White v. Baxter Healthcare Corp*., 533 F.3d 381, 400 (6th Cir. 2008).

Depending on the type of evidence, and the manner in which it is introduced, some post-termination incidents, although not necessarily the two whiteboard incidents described above, may be relevant to Plaintiff's discrimination claim. The Court is not inclined to preclude *any and all* post-termination incidents and shall rule on any objections to the relevancy of evidence of post-termination incidents during the course of the trial and within the context in which it is introduced.

With regard to FED. R. EVID. 403, Defendants fail to explain how the probative value of evidence of post-termination incidents is *substantially* outweighed by the danger of unfair prejudice, confusion of the issues, or the potential to mislead the jury. Defendants' make only conclusory remarks relating to any prejudice that the admission of post-termination incidents may have. The Court shall weigh the probative value of evidence of post-termination incidents within the context in which they are introduced.

CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendants' Motion in Limine to Exclude Any and All Post-termination Incidents Pursuant to FRE 401, 402, and 403 is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Court

Dated:  November 30, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

6